FILED
United States Court of Appeals
Tenth Circuit

July 9, 2020

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

ROY DEAN TAYLOR,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee.

No. 20-4038
(D.C. No. 2:18-CV-00008-CW)
(D. Utah)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Roy Dean Taylor, a Utah state prisoner representing himself,[1] seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA

to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). He also seeks leave to

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Taylor is pro se, we construe his filings liberally, but we do not act as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

proceed *in forma pauperis* ("*ifp*"). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss this matter.

A state court jury convicted Mr. Taylor of drug offenses that arose from a traffic stop and a search and seizure. The Utah Court of Appeals affirmed. Mr. Taylor did not petition the Utah Supreme Court for a writ of certiorari, nor did he apply for state post-conviction relief.

Mr. Taylor filed a 28 U.S.C. § 2254 habeas application in the U.S. District Court for the District of Utah asserting that the traffic stop and the search and seizure were unconstitutional and that his trial counsel was ineffective. The district court granted the State's motion to dismiss the § 2254 application because (1) Mr. Taylor's claims were unexhausted and procedurally defaulted, and (2) he had not established an exception to the procedural bar. The court denied a COA and entered judgment. This appeal followed.

We must grant a COA to consider Mr. Taylor's appeal from the district court's dismissal of his § 2254 application. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Where, as here, the district court dismissed the application on procedural grounds, we will grant a COA only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In his brief to this court, Mr. Taylor does not address the district court's grounds for dismissing his § 2254 application—failure to exhaust and procedural default. He thus

2

waives any challenge to them. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived." This rule applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings." (citations omitted)). Moreover, by not presenting any argument on these grounds for dismissal, Mr. Taylor has not shown that reasonable jurists could debate the correctness of the district court's decision. He therefore is not entitled to a COA.

We deny Mr. Taylor's requests for a COA and to proceed *ifp*, and we dismiss this matter.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

3